BOUTALL, Judge.
From a judgment dismissing his Workmen’s Compensation case, an employee appeals.
Claude E. Ford was employed by defendant, Gulf Atlantic Distribution Services, and while alighting from a forklift machine on April 10, 1979, he slipped and fell, causing an injury to his back. There is no serious contest as to those facts, the issue being narrowed to the extent of disability because the injury is superimposed upon a pre-existing spondylolysis and possible spon-dylolisthesis in his low back. Plaintiff contends that he has total permanent disability resulting from the fall because that injury caused his dormant back problems to become exacerbated and symptomatic such that he can no longer work. In opposition, the defendant contends that Ford only sustained a lower back musculature sprain which was healed by August 14, 1979, and that any further problems are the cause of the pre-existing condition not the injury. Accordingly, the defendant paid compensation from date of injury through August 14, 1979, and the medical expenses incurred. The trial judge agreed with the defendant and, plaintiff having been paid all that was due, dismissed plaintiff’s suit.
The evidence, in addition to the testimony of Ford, consists of the depositions of an orthopedist, Dr. Levy, and a neurosurgeon, Dr. Schuhmacher, who were consulted by the treating physician during the initial phases of Ford’s treatment for the injuries, and the testimony of Dr. Adatto, an orthopedist who was consulted by Ford slightly over a year post accident. After the accident on April 10, 1979, Ford had been treat *848 ed for several weeks by the Fisher-Rabin Clinic and was referred by them in the course of treatment to Dr. Russell Levy, an orthopedist, who examined Ford on April 19, 1979. At that time it appeared that Ford had some muscle spasms, however, on testing it was revealed that he did have problems with his back. However, further tests showed that Ford had a spondylolysis at the L5-S1 level on the right side, a pre-existing condition for a period of at least four years. It was noticed that Ford had suffered an injury in 1975 which disclosed this condition, and which had caused an aggravation of the condition for several months.
In subsequent examinations from April, 1979, Dr. Levy found that the effects of the muscle strain , had dissipated, and he could find nothing to explain Ford’s continued complaints of pain. Accordingly, he referred Ford to a neurosurgeon, Dr. Schuh-macher, who similarly found no residuals from injury on his tests. In an effort to find some basis for Ford’s complaints, the doctors committed him to the hospital for more involved and detailed tests, which disclosed nothing other than the spondylolysis previously mentioned. Dr. Levy saw him again on August 8, 1979, at which time he felt that he could probably return to some form of light duty and that he would be able to work. The doctor did not see him again until September 11, 1980, over a year later, and his examination did not reveal anything which caused him to change his original opinion.
In the interim Ford had not seen a doctor from August 8, 1979, until he was referred to Dr. Adatto by his attorney on June 10, 1980. Dr. Adatto submitted him to a number of tests and concluded that he had a grade one spondylolysis at the L5-S1 level with bilateral L-5 spondylitic defects. Dr. Adatto concluded that if Ford had been suffering back pain from the time of the injury down to the time that he saw him, that the injury was the cause of the disabling pain. However the evidence does not support Ford’s complaints, and we point out that from the time he was discharged by Dr. Levy in August, he did not see another doctor until he was referred to Dr. Adatto. In the interim, Ford did not work but instead had taken a course of study to be a medical assistant. The trial judge was of the opinion that the accident had caused a muscle sprain which was superimposed upon the spondylolysis and had healed by August, 1979, and his present back problems were not shown to be causally related to the April 19, 1979, injury. Our examination of the evidence convinces us that this finding is correct.
For the reasons assigned, the judgment appealed is affirmed at appellant’s costs.
AFFIRMED.